COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-015-CR

 

 

STEVEN DWANE WASHINGTON                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Steven Dwane
Washington entered an open plea of guilty to the charge of driving while intoxicated,
felony repetition and pleaded Atrue@ to a
repeat-offender enhancement allegation recited in the indictment.  The trial court convicted Appellant, found
the repeat-offender allegation to be true, and sentenced him to nine years= confinement.  








Appellant=s court‑appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion.  In her brief, counsel has reviewed the
history of the case, including detailing the evidence presented.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[3]  Although this court gave Appellant the
opportunity to file a pro se brief, he did not file one.








In our duties as a reviewing
court, we must conduct an independent evaluation of the record to determine
whether counsel is correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion to withdraw.[5]  Because Appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[6]       We have carefully reviewed the record and
counsel=s brief.  We agree with counsel
that this appeal is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.[7]

Consequently, we grant the
motion to withdraw and affirm the trial court=s judgment. 

PER CURIAM

 

PANEL F:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 7, 2008











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Mays v. State, 904 S.W.2d 920, 922B23
(Tex. App.CFort
Worth 1995, no pet.).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.





[5]See
Penson v. Ohio, 488 U.S. 75, 83B84,
109 S. Ct. 346, 351 (1988).





[6]See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[7]See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).